IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DARREN MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 308-044 |
| | ) |
| BILLY BROWN, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The captioned matter is before the Court on Plaintiff's "Motion to Prohibit Retaliatory Action Against Plaintiff." (Doc. no. 13). Although Plaintiff notes on the first page of his motion that he is "cognizant that it is very much premature to request a temporary restraining order," a closer review of his entire motion reveals that he is indeed seeking injunctive relief.[1] For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that this motion be **DENIED**.

A party moving for injunctive relief must show the following: (1) a substantial

---

[1]For example, on the second page of his motion, Plaintiff states "Nevertheless, some sort of 'Cease and Desist' Order is indicated given his situation." (Doc. no. 13, p. 2).

likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

By Order dated September 22, 2208 the Court explained that because Plaintiff is proceeding with his case *in forma pauperis*, the Court must screen his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the complaint. (Doc. no. 10, p. 2). Because Plaintiff improperly attempted to amend his complaint in a piecemeal manner, the Court directed him to file an amended complaint. (Id. at 3). As such, Plaintiff has not clearly identified the claims he wishes to pursue in this case, much less shown that it is likely that he will prevail.

Furthermore, if Plaintiff's motion were to be granted, the resulting injunction would amount to a broad instruction to Defendants to obey the law. (Doc. no. 13, p. 1). Plaintiff seeks an Order directing the "nominal defendant" to cease any action that would deny Plaintiff of his constitutional rights to access of the courts. (Id. at 2). Fed. R. Civ. P. 65(d) requires requests for injunctions to be specific–an injunction which merely orders the defendants to obey the law is too broad and too vague to be enforceable. See Burton v. City

2

of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999). Even construed liberally, the terms of Plaintiff's requested injunction, discussed above, are as general as the contours of the law itself. Id. As Plaintiff's requested injunction does not conform to the specificity requirement of Rule 65(d), it is unenforceable and must fail.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief (doc. no. 13) be **DENIED**.

SO REPORTED and RECOMMENDED this 31st day of October, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE