# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DARREN MITCHELL, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 1:09-CV-0714-RWS |
| | : | |
| v. | : | |
| | : | |
| JUDY ZIEGLER, Computation Section/Website Administration; et al., | : | PRISONER CIVIL RIGHTS |
| | : | 42 U.S.C. § 1983 |
|     Defendants. | : | |

## **ORDER**

Plaintiff, Darren Mitchell, presently incarcerated at the Dodge State Prison in Chester, Georgia, has been granted leave to proceed in forma pauperis in this pro se civil rights complaint. This matter is now before the Court for screening pursuant to 28 U.S.C. § 1915A and on the following motions filed by Plaintiff: (1) "Special Motion for Leave of Court to Create 'Standing' for John Charles Brogdon on Behalf of Plaintiff" [Doc. 34]; (2) motion seeking the production of documents in order to identify various Jane and John Does [Doc. 35]; (3) motion for the appointment of counsel [36]; (4) "Omnibus Motion to Initiate Discovery, Perform Enumerated Tasks and Rule on Pertinent and Necessary Motions Tendered Concomitantly" [Doc. 39]; and (5) motion seeking leave to proceed in forma pauperis on appeal [Doc. 44].

## I. 28 U.S.C. § 1915A Standard

A federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1953 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic

2

recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992). See also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of

3

his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Background

Plaintiff filed his original § 1983 complaint in the United States District Court for the Southern District of Georgia. [See Doc. 1]. In his amended complaint, Plaintiff lists the following defendants: (1) Judy Ziegler, Computation Section/Website Administrator; (2) John and Jane Does; and (3) Warden Hugh Smith. [Doc. 19 at 1 and 4].

In a Report and Recommendation ("R&R") issued on February 4, 2009, Magistrate Judge W. Leon Barfield of the southern district court screened Plaintiff's complaint pursuant to § 1915A. [Doc. 28]. Judge Barfield summarized Plaintiff's pertinent allegations as follows:

> The crux of Plaintiff's amended complaint is that the Georgia Department of Corrections ("GDOC") has "allowed Plaintiff's data to be combined with that of the sex offender Darren Patrick Mitchell," and as a result,

4

Plaintiff has been allegedly misidentified as a sex offender. Plaintiff further alleges that when his identity is called up on the GDOC's website, he is falsely identified as a sex offender. Among other things, Plaintiff notes that this designation denied him the opportunity to serve his sentence in the less restrictive environment of a "work camp" and Plaintiff claims that he will be denied parole. (Id. at 17).

Plaintiff is adamant that his personal information was confused with a different inmate's personal information. Plaintiff vehemently denies that he is a sex offender. Plaintiff, it seems, has gone to great lengths to prove that he is not a sex offender and that the GDOC has incorrectly designated him as such. For example, Plaintiff wrote to the Federal Bureau of Investigation requesting to be finger-printed. According to Plaintiff, the analysis of his fingerprints by the FBI, "incontrovertibly demonstrate[s] that Plaintiff is absolutely not the sex offender Darren Patrick Mitchell." Plaintiff also notes that with the help of the district attorney in the circuit wherein the sex offender was convicted, Plaintiff learned:

> The sex offender Darren Patrick Mitchell was born on 15 April 1968 and weighed 137 pounds and was 5'4" tall upon [his] arrest on 18 August 1993; [purported sex offender's social security number].
>
> Plaintiff Darren Mitchell was born on 6 March 1968, weighs about 190 pounds and is 5'10["] tall; [Plaintiff's social security number]. The height differentiation alone is enough to prove Plaintiff is not the sex offender as few 25 year olds gain six inches in height after they reach adulthood.

Additionally, Plaintiff has contacted various prison officials, district attorneys, and GDOC officials all in an attempt to correct the purported misinformation. However, depending on the organization/person contacted by Plaintiff, he was always told to contact someone else and/or

5

> that the organization/individual contacted could not do anything for Plaintiff.
>
> Plaintiff maintains that Defendant Ziegler oversees the GDOC's Computation Section and thus is responsible for the information that is posted on the GDOC's website. Plaintiff is aware that Defendant Ziegler, individually, is not capable of inputting all the data and thus, he has named John and Jane Does, the individual(s) who input his data, as Defendants.

[Id. at 2-4]. Judge Barfield recommended, inter alia, that Plaintiff's claims against Defendants Ziegler and the John and Jane Does be transferred to this Court because these defendants are located in Atlanta, Georgia. [Id. at 8-9]. By order entered on March 13, 2009, District Judge Dudley H. Bowen adopted the R&R. [Doc. 37].

Pursuant to § 1915A, this Court will now screen Plaintiff's claims against Defendant Ziegler and the John and Jane Does. At the outset, Plaintiff may not proceed with this action against unidentified officials. See Wayne v. Jarvis, 197 F.3d 1098, 1102-03 (11th Cir. 1999), overruled on other grounds by Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003). The unidentified John and Jane Does, therefore, will be dismissed from this action. Plaintiff appears to raise several constitutional claims in the amended complaint against Defendant Ziegler. Plaintiff seeks monetary and injunctive relief.

6

## III. Discussion

### A. Due Process - Defamation

Liberally construed. Plaintiff claims that he has been "defamed and libelled [sic]" in connection with Defendant Ziegler's role in misidentifying Plaintiff as a sex offender on the GDOC website. In Georgia, "[l]ibel . . . is an expression in writing which tends to harm a person's reputation or would cause a person to be the subject of public hatred, contempt, or ridicule." Nelson v. Glenn-Brunswick Hosp. Auth., 571 S.E. 2d 557, 560 (Ga. Ct. App. 2002) (citing O.C.G.A. § 51-5-6).

Generally, any injury to one's reputation is insufficient, by itself, to constitute the deprivation of a liberty or property interest protected by the Due Process Clause. Paul v. Davis, 424 U.S. 693, 701-02 (1976). Indeed, this clause is not meant to serve as a means to constitutionalize state tort law. Id. at 701. Consequently, in order to state a § 1983 due process claim based on defamation by the government, a plaintiff must not only allege the defamatory conduct but also allege a violation of some more tangible interest. Behrens v. Reiger, 422 F.3d 1255, 1260 (11th Cir. 2005). In other words, a plaintiff must allege "that the government official's conduct deprived the plaintiff of a previously recognized property or liberty interest in addition to damaging

7

the plaintiff's reputation." Cypress Ins. Co. v. Clark, 144 F.3d 1435, 1436-37 (11th Cir. 1998).

In this case, Plaintiff alleges that Defendant Ziegler: (1) oversees the GDOC website; (2) "it is her legal duty to insure that information attached to an individual prisoner is his information and that it is correct and factual;" (3) "she allowed Plaintiff's data to be combined with that of the sex offender Darren Patrick Mitchell;" (4) Plaintiff's erroneous designation as a sex offender on the GDOC website has subjected him to assaults by prisoners as well as possible future assaults by individuals upon release from prison; and (5) his designation denied him the opportunity to obtain parole and to serve his sentence in the less restrictive environment of a "work camp." [Doc. 19 at 5, 17]. Further legal and factual development of this issue is necessary to determine whether Plaintiff's due process rights were violated in connection with Defendant Ziegler's role in the alleged defamatory listing of Plaintiff in the GDOC website as a sex offender. In light of the factual allegations presented, the Court cannot find that this due process claim is "clearly baseless" or "meritless." Carroll, 984 F.2d at 393.

### B. Equal Protection

The Equal Protection Clause requires that the government treat similarly-situated persons alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). In order to establish a violation of the Equal Protection Clause, a prisoner must demonstrate that "he was treated unfairly compared to other prisoners who were [otherwise] similarly situated." Hilliard v. Board of Pardons and Paroles, 759 F.2d 1190, 1193 (5th Cir. 1985).

Liberally construed, Plaintiff asserts in his amended complaint that Defendant Ziegler violated Plaintiff's equal protection rights by causing him to be labeled as a sex offender. [Doc. 19 at 16]. Plaintiff, however, has failed to allege any specific facts that would allow this Court to determine whether Plaintiff was treated unfairly compared to other similarly-situated prisoners. Indeed, Plaintiff has not identified any other similarly-situated prisoner who received more favorable treatment by Defendant Ziegler. Accordingly, Plaintiff has failed to state an equal protection claim.

### C. Deliberate Indifference

Liberally construed, Plaintiff appears to claim that Defendant Ziegler acted with deliberate indifference to his health and safety in connection with his alleged misidentification as a sex offender. [Doc. 19 at 18-19]. Plaintiff's claim is interpreted

9

under the deliberate indifference standard articulated in Farmer v. Brennan, 511 U.S. 825 (1994). The Supreme Court in Farmer held that "[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828 (quotation and citations omitted). An official is "deliberately indifferent" in violation of the Eighth Amendment if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference." Id. at 837.

With regard to his claim of deliberate indifference, Plaintiff alleges no facts to suggest that Defendant Ziegler knew that Plaintiff was not "Darren Patrick Mitchell," that she then disregarded such knowledge in identifying Plaintiff as a sex offender on the GDOC website, and that she was aware that Plaintiff would be subjected to a substantial risk of harm based upon such identification. At best, Plaintiff's allegations suggest that the data identifying Plaintiff as a sex offender was collected and imputed without proper care as opposed to constituting deliberate indifference to Plaintiff's health and safety. Accordingly, Plaintiff has failed to assert a claim of deliberate indifference against Defendant Ziegler. See Oxford Asset Mgmt., 297 F.3d at 1187-88; Chappell, 340 F.3d at 1282-84.

10

### D. Motions to Appoint Counsel and to "Create Standing" for John Charles Brogdon on behalf of Plaintiff

Plaintiff moves this Court for the appointment of counsel. [Doc. 36]. Prisoners pursuing civil actions have no right to counsel. See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996); Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel in civil cases is a privilege "justified only by exceptional circumstances," such as the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." Poole, 819 F.2d at 1028. Plaintiff has failed to demonstrate that his allegations involve novel or complex issues. Accordingly, Plaintiff's motion for appointment of counsel [Doc. 36] is denied.

Plaintiff also moves this Court to "create standing " for John Charles Brogdon to act for and on behalf of Plaintiff in this case. [Doc. 34]. According to Plaintiff, Mr. Brogdon currently is an inmate who has assisted Plaintiff with the preparation of many of the pleadings submitted by Plaintiff in this case. [Id. at 3-4]. In the absence of appointing counsel, Plaintiff essentially asks this Court to appoint Mr. Brogdon to represent Plaintiff in this case. [Id. at 2]. However, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

11

28 U.S.C. § 1654. As a non-attorney, Mr. Brogdon may not represent Plaintiff in this case. See Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (explaining that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted). Accordingly, Plaintiff's motion to appoint Mr. Brogdon [Doc. 34] is denied.

### E. Discovery Motions

Plaintiff seeks to initiate the discovery process in his motion seeking the production of documents in order to identify various Jane and John Does [Doc. 35] and "Omnibus Motion to Initiate Discovery, Perform Enumerated Tasks and Rule on Pertinent and Necessary Motions Tendered Concomitantly" [Doc. 39]. The record reflects, however, that Defendant Ziegler has yet to be formally served with Plaintiff's amended complaint. The discovery period, therefore, has not commenced in this case as Defendant Ziegler has not appeared by answering the amended complaint. See LR 26.2(A), NDGa. Accordingly, Plaintiff's motions [Doc. 35 and 39] are **DENIED** as premature.[1]

---

[1] In his "Omnibus Motion," Plaintiff appears to seek a ruling on all of his pending motions. [See Doc. 39 at 4]. To the extent that this Order addresses each of Plaintiff's pending motions, his "Omnibus Motion" seeking a ruling on all "pertinent and necessary motions" is denied as moot.

12

### F. Motion Seeking Leave to Appeal In forma Pauperis

Based on his assumption that this case had been dismissed by this Court following the southern district court's transfer, Plaintiff filed a notice of appeal on June 4, 2009. [Doc. 40]. Plaintiff's notice of appeal was signed by Mr. Brogdon. [Id.]. Thereafter, Plaintiff filed a motion seeking leave to appeal in forma pauperis. [Doc. 44].

On August 13, 2009, the Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction on the grounds that: (1) he sought to challenge a non-existent final order; and (2) his pro se notice of appeal was not signed either by Plaintiff or his spouse. [Doc. 48]. Accordingly, Plaintiff's motion seeking leave to appeal in forma pauperis [Doc. 40] is denied as moot.

### G. Declarations for Entry of Default

Plaintiff has filed two declarations for the entry of default. [Docs. 46 and 47]. This Court construes these declarations as motions seeking an entry of default against Defendant Ziegler. Plaintiff contends that Defendant Ziegler was served with a copy of his amended complaint on March 19, 2009, and has yet to file a responsive pleading. [Doc. 46 at 1-2; Doc. 47 at 1-2]. This Court, however, has not provided Plaintiff with instructions as to how to effectuate service of his amended complaint on Defendant

13

Ziegler. Rather, these instructions are provided below. Accordingly, Plaintiff's motions for the entry of default [Docs. 46 and 47] are denied.

## IV. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the following motions filed by Plaintiff are **DENIED**: (1) "Special Motion for Leave of Court to Create 'Standing' for John Charles Brogdon on Behalf of Plaintiff" [Doc. 34]; (2) motion seeking the production of documents in order to identify various Jane and John Does [Doc. 35]; (3) motion for the appointment of counsel [36]; (4) "Omnibus Motion to Initiate Discovery, Perform Enumerated Tasks and Rule on Pertinent and Necessary Motions Tendered Concomitantly" [Doc. 39]; (5) motion seeking leave to proceed in forma pauperis on appeal [Doc. 44]; and (6) motions for the entry of default [Doc. 46 and 47].

**IT IS FURTHER ORDERED** that Defendants John and Jane Does are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's equal protection and deliberate indifference claims against Defendant Ziegler are **DISMISSED** pursuant to § 1915A for failure to state claim for relief.

14

In light of the facts presented by the plaintiff, and in deference to his pro se status, **IT IS ORDERED** that only Plaintiff's due process claim against Defendant Ziegler is **ALLOWED** to **PROCEED**.[2]

The Clerk is hereby **DIRECTED** to send the plaintiff a USM 285 form, summons, and initial disclosures form for defendant(s). Plaintiff is **DIRECTED** to complete a USM 285 form, summons, and initial disclosures form for Defendant Ziegler, and to return them to the Clerk of Court within twenty (20) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for Defendant Ziegler. The service waiver package must include two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant Ziegler for return of the waiver form, one (1) copy of the

---

[2]Because this Court has determined that Plaintiff's due process claim is not altogether meritless, Plaintiff may later seek permission from the Court to add additional defendants to this action if necessary.

15

amended complaint [Doc. 19], one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 form and summons for Defendant Ziegler.

Upon completion of a service waiver package for Defendant Ziegler, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail a service waiver package to Defendant Ziegler. Defendant Ziegler has a duty to avoid unnecessary costs of serving the summons. If Defendant Ziegler fails to comply with the request for waiver of service, he must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant Ziegler does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for Defendant Ziegler. The service package must include the USM 285 form, the summons, and one (1) copy of the amended complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve Defendant Ziegler. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

16

Plaintiff is **DIRECTED** to serve Defendant Ziegler or his counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant Ziegler or his counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant Ziegler advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS FURTHER ORDERED** that this case **SHALL** proceed on a four (4) month discovery track, beginning thirty (30) days after the appearance of Defendant Ziegler by answer to the complaint, subject to extension by motion filed prior to the expiration of the discovery period. See LR 26.2(A)-(B), NDGa. Until the discovery period commences in this case, Plaintiff shall not serve Defendant Ziegler with any discovery requests or file any additional discovery motions with this Court.

**IT IS SO ORDERED**, this __16th__ day of September, 2009.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)